IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GUY M. ADKINS                                                                                  PLAINTIFF

vs.                                          Civil No. 3:15-cv-03060-BAB

CAROLYN W. COLVIN                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Guy M. Adkins ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications for DIB and SSI on January 19, 2012. (ECF No. 11, p. 15). In his applications, Plaintiff alleges being disabled due to pancreatitis, diabetes, and depression. (ECF No. 11, p. 184). Plaintiff alleges an onset date of August 1, 2008. (ECF No. 11, p. 169). These applications were denied initially and again upon reconsideration. (ECF No. 11, pp. 78-81).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

1

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (ECF No. 11, p. 99, 108). Plaintiff's administrative hearing was held on November 5, 2013, in Harrison, Arkansas. (ECF No. 11, pp. 35-77). Plaintiff was present and was represented by Greg Thurman. *Id.* Plaintiff, Plaintiff's mother Carolyn Adkins, and Vocational Expert ("VE") Jim Spraggins testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c); 20 C.F.R. § 416.963(c). (ECF No. 11, p. 42). As for his level of education, Plaintiff has a high school diploma and completed three technical schools after graduation. *Id.* at 42-43.

After this hearing, on February 24, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 11, pp. 12-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2010. (ECF No. 11, p. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2008, his alleged onset date. (ECF No. 11, p. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: insulin dependent diabetes mellitus, peripheral neuropathy, pancreatitis, and depression (ECF No. 11, pp. 17-18, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 11, pp. 18-19, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 11, pp. 19-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform: "light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that he

is limited to work that requires only simple tasks and instructions and can have only incidental contact with the public" *Id.* at 19.

The ALJ then determined Plaintiff could not return to his Past Relevant Work ("PRW"). (ECF No. 11, p, 27, Finding 6). The VE testified at the administrative hearing regarding this issue. (ECF No. 11, pp. 71-77). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a production line assembler, which has a DOT code of 739.687-030, with approximately five hundred eighty-three thousand (583,000) jobs in the national economy, and approximately eleven thousand (11,000) jobs in the state of Arkansas, and even if Plaintiff was limited to sedentary work, as a small products assembler, which has a DOT code of 735.687-018, with approximately two hundred three thousand (203,000) jobs in the national economy, and approximately four thousand (4,000) jobs in the state of Arkansas, and as a small products inspector, which has a DOT code of 712.687-018, with approximately sixty-eight thousand (68,000) jobs in the national economy, and approximately one thousand one hundred (1,100) jobs in the state of Louisiana. (ECF No. 11, p. 28, Finding 10). I note that the reference to the state of Louisiana in the ALJ's decision is a scrivener's error; the VE testified that those approximately one thousand one hundred (1,100) jobs for the representative DOT code were in the state of Arkansas. (ECF No. 11, p. 74). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from August 1, 2008, through February 24, 2014, the date of the ALJ's decision. (ECF No. 11, p. 29, Finding 11).

Thereafter, on March 6, 2014, Plaintiff requested a review by the Appeals Council. (ECF

No. 11, p. 9). The Appeals Council denied this request on June 3, 2015. (ECF No. 11, pp. 5-8). On July 9, 2015, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on July 30, 2015. (ECF No. 5). This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. *see Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**3.     Discussion:**

In his appeal brief, Plaintiff raises one argument for reversal: the ALJ's RFC determination was not based on substantial evidence because it lacks the support of the examining, treating, and consulting physicians. (ECF No. 9).

**A.     RFC Determination**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue*, 612

F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

In the present case, the combination of medical evidence, State agency physician opinions, and the Plaintiff's own testimony were sufficient to assess Plaintiff's RFC. The Eighth Circuit has held that an ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *see Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). The ALJ's failure to order such an evaluation only constitutes reversible error when such an evaluation was necessary for him to make an informed decision. *see Gasaway v. Apfel*, 187 F.3d 840, 842 (8th Cir. 1999); *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000). An ALJ does not necessarily need the opinion of a consultative examiner to assess a claimant's RFC. *see Page v. Astrue*, 484 F3d. 1040, 1043 (8th Cir. 2007) (the medical evidence, State agency physician opinions, and claimant's own testimony were sufficient to assess RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, State agency physicians' assessments, and claimant's reported activities

of daily living supported the RFC). The ALJ discussed the medical evidence from numerous treating physicians and the opinions of the non-examining State agency consultants, and set forth the reasons for the weight given to the opinions. Plaintiff, moreover, has not pointed to any relevant evidence to argue that the ALJ would have reached a different conclusion had another medical professional examined Plaintiff. Furthermore, Plaintiff has not demonstrated that a failure to consult with another medical professional resulted in any prejudice above and beyond receipt of an unfavorable decision in his case. *see Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001).

Plaintiff argues the ALJ improperly relied on the absence of some evidence as substantial evidence in and of itself. (ECF No. 9, pp. 9-10). While Plaintiff has accurately analyzed the law of this Circuit with regard to circumstances where a physician does not render an opinion with regard to an individual's ability to complete work-like tasks where the physician has not been asked for such an opinion, that is not the situation in the present case. The ALJ stated:

> As for the opinion evidence, given his allegations of totally disabling impairments, one might expect to see some indication in the treatment records of restrictions placed on the claimant by a treating physician. Yet, a review of the record in this case reveals no specific restrictions recommended by any treating physician.

(ECF No. 11, p. 26). It is clear to this Court the ALJ examined the record to see if any of Plaintiff's treating physicians placed any functional restrictions on Plaintiff as part of his treatment, and found none. Given that none of Plaintiff's treating physicians reported functional or other restrictions consistent with Plaintiff's alleged limitations and some of the opinion evidence in the record, there was a basis for the ALJ to question Plaintiff's credibility. *see Eichelberger v. Barnhart*, 390 F.3d 584 (8th Cir. 2004). The ALJ specifically addressed Plaintiff's credibility:

> Although [Plaintiff] has described limited daily activities, two factors weigh against considering these allegations to be strong evidence in favor of finding [Plaintiff]

> disabled. First, allegedly limited daily activities cannot be objectively verified with any degree of certainty. Secondly, even if [Plaintiff's] daily activities are truely as limited as alleged, it is difficult to attribute that degree of limitation to [Plaintiff's] medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision.
>
> . . .
>
> The limited documentation and medical treatment records are especially telling of [Plaintiff's] credibility with regard to his allegations of total disability.
>
> . . .
>
> In terms of [Plaintiff's] alleged diabetes mellitus, there is evidence of poor control and highly elevated hemoglobin A1C; however, there is also evidence of noncompliance with treatment recommendations including running out of insulin, not eating regular meals and not abstaining from alcohol. . . . As such, his diabetic neuropathy could likely be controlled when he is compliant.
>
> . . .
>
> As for [Plaintiff's] pancreatitis, his bouts have been alcohol induced and there has been no evidence of pancreatitis since he was hospitalized in January 2011. In terms of [Plaintiff's] alleged depression, he has not sought treatment for depression and is not on any medications for depression, although treatment is available to him.

(ECF No. 11, p. 26). It was not improper for the ALJ to cite lack of evidence in the record concerning restrictions placed on Plaintiff by his treating physicians, and was but one factor of many the ALJ considered. Plaintiff, moreover, has not challenged the ALJ's credibility analysis in this appeal.

Plaintiff's primary argument is, "that the ALJ [did] not have any medical input that constitutes substantial evidence that supports his RFC determination." (ECF No. 9, p. 10). Plaintiff relies on the opinions of Dr. Robert Hudson, who opined Plaintiff had "a major problem between his depression and pain," and an unnamed examining physician at the Community Medical Center Clinic of Horseshoe Bend who opined Plaintiff, "would have moderate limitations walking, standing,

8

lifting, carrying, and fingering." (ECF No. 9, pp. 8-10).

The ALJ, in his decision, discussed the opinion of consultative examiner Dr. Robert Hudson at great length. (ECF No. 11, pp. 22-24). Dr. Hudson noted that Plaintiff was receiving treatment for his diabetes but did not check his blood sugar regularly and did not take action to control his blood sugar levels when they were high. (ECF No. 11, p. 390). Dr. Hudson further noted that Plaintiff was never treated for depression, never asked the free clinic about antidepressant medication, and has never taken antidepressant medication, and Dr. Hudson urged Plaintiff to discuss depression with his physician at the free clinic. (ECF No. 11, p. 390). Dr. Hudson diagnosed Plaintiff with mood disorder not otherwise specified, alcohol abuse, and personality disorder not otherwise specified, and assigned a GAF score of 40-45, but noted that he would have assigned a lower GAF score were it not for the support Plaintiff received from his family and friends. (ECF No. 11, p. 392). Dr. Hudson opined Plaintiff would have a "major problem between the depression and the pain," with regard to his ability to persist in completing tasks. (ECF No. 11, p. 392). Dr. Hudson, however, then states that "[t]here would appear to be no significant limits on completion of tasks in a timely fashion. [Plaintiff] must complete tasks as he can manage with the pain but his personal tempo, etc. is fast enough." (ECF No. 11, p. 393). The ALJ noted Plaintiff performed poorly on delayed recall and digits backward tests but performed well with serial threes and simple arithmetic tests and that Plaintiff could handle funds. (ECF No. 11, p. 24). The ALJ's interpretation of Dr. Hudson's opinion, "that [Plaintiff] did not appear to have significant mental/cognitive limits on basic work-like tasks or impediments in completion of tasks in a timely fashion," is neither inconsistent with Dr. Hudson's opinion nor the ALJ's RFC determination. (ECF No. 11, p. 24).

The ALJ also addressed the opinion of the examining physician at the Community Medical Center Clinic of Horseshoe Bend. (ECF No. 11, pp. 24,26-27). The ALJ stated:

> Some weight is accorded to [the non-examining agency consultant's] assessment that [Plaintiff] is not disabled, but his opinion that [Plaintiff] has the residual functional capacity for medium weight is not entirely consistent with the medical evidence of record. In this regard, the opinion of the examining physician at the Community Medical Center Clinic of Horseshoe Bend who opined that [Plaintiff] had moderate limitations is more consistent with a finding that [Plaintiff] is limited to a light residual functional capacity and, an examining source is entitled to greater weight than that of a non-examining consultant.

(ECF No. 11, pp. 26-27). The ALJ was clearly presented with different opinions on the record and took care to resolve any conflicts among those opinions. The ALJ properly assigned greater weight to the opinion of the examining physician at the Community Medical Center Clinic of Horseshoe Bend than he assigned to the non-examining state agency consultants. The ALJ's RFC determination must be based on *all* relevant evidence in the record, not simply one consulting physician's opinion, despite the weight the ALJ affords the opinion. *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). I note that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of many treating physicians and specialists, as well as those of the non-examining state agency consultants, and set forth the reasons for the weight given to the opinions. *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); *Prosch v. Apfel*, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Based on the foregoing, I find the ALJ's RFC determination was based on substantial evidence on the record as a whole.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of January 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE